# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY CHRISTINE SCHNETZLER, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation,<br><br>    *Defendant*. | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nancy Christine Schnetzler brings this Class Action Complaint and Demand for Jury Trial against Defendant Charter Communications, Inc. to stop its practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Charter Communications is one of the largest cable television, Internet, and telephone service providers in the United States.

2. Unfortunately, in an attempt to sell its services, Defendant made unsolicited telemarketing calls to consumers' cellular telephones nationwide using an automatic telephone dialing system ("ATDS"). Defendant failed to obtain prior express consent from consumers to make such calls, and therefore, has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

1

3. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff, nor the other members of the putative Class (defined below), ever provided Defendant with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their wireless telephone carriers for the receipt of such calls.

4. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Nancy Christine Schnetzler is a natural person and citizen of the State of Alabama.

6. Defendant Charter Communications, Inc. is a corporation existing under the laws of the State of Delaware with its headquarters and principal place of business located at 400 Atlantic Street, 10th Floor, Stamford, Connecticut 06901. Defendant conducts business throughout this District, the State of Connecticut, and the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it is headquartered in this District, conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case

occurred in, was directed to, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant Charter Communications is a well-known cable, Internet, and phone service provider.

10. In an effort to sell its products and services, Defendant utilizes widespread telemarketing efforts. Unfortunately, in pursuit of these efforts, Defendant casted its net too wide and placed unsolicited telemarketing calls to consumers' cellular telephones nationwide.

11. Defendant made these unsolicited telephone calls without consumers' prior consent and by utilizing an ATDS. Neither Plaintiff nor the other members of the proposed Class ever provided their telephone numbers to Defendant for the purpose of receiving telemarketing calls (or any other purpose).

12. Defendant repeatedly made the telemarketing calls from a variety of phone numbers, including "888.848.6541". If a call recipient would answer these calls, there would often be no one on the other end or they would be greeted by a telemarketer purporting to offer Charter's business services. If the call recipient informed the caller that the number called is a personal cellular telephone, the telemarketer would simply state that the call should be disregarded. Yet, in many instances the calls simply return again shortly thereafter.

13. Calling the number "888.848.6541" leads to a telemarketer promoting "Charter Business sales".

14. As individual consumers, Plaintiff and the Class are neither interested in business

services, nor could they be potential business customers. As such, the calls are wrongly directed to them (on a repeat basis) as the result of Defendant's overzealous calling campaign.

## FACTS SPECIFIC TO PLAINTIFF SCHNETZLER

15. In or around March and April 2014, Plaintiff Schnetzler received numerous telephone calls (over a dozen, in fact) on her cellular telephone from the phone number "888.848.6541".

16. Plaintiff answered several of these calls and each time demanded that the caller "stop calling".

17. Plaintiff is not a Charter Communications customer and does not, and never has, owned or operated a business. As such, Plaintiff had no need whatsoever for business related services.

18. Plaintiff did not provide her cellular telephone number to Defendant, and as such, did not provide any form of consent to be called by Defendant.

19. As a result of Defendant's intrusive calls, which adversely affected Plaintiff's rights to privacy, Plaintiff suffered harm in the form of monies paid to her wireless carrier for receipt of such calls.

20. Defendant was and is aware that the above-described telephone calls were being made on a widespread basis, and that the telephone calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

21. **Class Definitions**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and Rule 23(b)(3) on behalf of herself and a Class of similarly situated individuals defined as follows:

> All persons in the United States who: (1) received a telephone call; (2) on a cellular telephone number; (3) from (or on behalf of) Charter Communications that was made for the purpose of selling its business products and services; and (4) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) the legal representatives, successors, or assigns of any such excluded persons; (5) Plaintiff's counsel and Defendant's counsel.

22. **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct violated the TCPA;

    (b)    whether Defendant made the calls at issue using an ATDS;

    (c)    whether Defendant systematically made phone calls to persons who did not previously provide Defendant with prior express consent to receive

such phone calls; and

(d) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express consent—in an effort to provide their business services.

30. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

31. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's unlawful conduct, Plaintiff and the members of the

Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

34. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nancy Christine Schnetzler, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Nancy Christine Schnetzler as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**NANCY CHRISTINE SCHNETZLER,**
individually and on behalf of all others similarly situated,

Dated: September 17, 2014

By: _____
One of Plaintiff's Attorneys
Jonathan M. Shapiro (ct24075)
jshapiro@shapirolawofficesct.com
SHAPIRO LAW OFFICES, LLC
104 Court Street
Middletown, Connecticut 06457
Tel: 860.347.3325
Fax: 860.347.3874

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Motions for admission *pro hac vice* to be filed.

9