IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY CHRISTINE SCHNETZLER, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 3:14-cv-01360-MPS |
| Plaintiff, | : : | |
| v. | : : | |
| CHARTER COMMUNICATIONS, INC., | : : | |
| Defendant. | : | DECEMBER 17, 2014 |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

    Plaintiff has brought a single-count Complaint alleging a violation of the Telephone Consumer Protection Act ("TCPA") by Charter Communications, Inc. ("Charter"). The TCPA prohibits calls made to cellular telephones using an "automatic telephone dialing system" ("ATDS") without the consent of the recipients of those calls. *See* 47 U.S.C. § 227(b)(1)(A). A plausible allegation that the defendant used an ATDS to make the calls is an indispensable element of a TCPA claim. Plaintiff's Complaint should be dismissed as a matter of law because it does not—and cannot—plausibly allege that Charter used an ATDS.

    Plaintiff alleges that she received calls from Charter that were placed using an ATDS, but the Complaint is utterly devoid of facts or circumstances surrounding the calls that would make that conclusory allegation plausible. Instead, Plaintiff's allegations about the use of an ATDS do nothing more than parrot the elements of the TCPA and the statutory definition of an ATDS. Numerous courts have held that such bare and formulaic allegations echoing the statutory

**ORAL ARGUMENT REQUESTED**

language of the TCPA—like those made here—are insufficient to plausibly allege the use of an ATDS and thus, fail to state a claim under the TCPA. *See, e.g.*, *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304, at *6-7 (E.D.N.Y. Mar. 21, 2014) (granting motion to dismiss TCPA claim because a "bare allegation that defendants used an ATDS is not enough") (citation and internal quotation marks omitted); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *2-4 (N.D. Ill. Dec. 18, 2012) (similar). Plaintiff's Complaint should be dismissed.

## BACKGROUND

This is a putative class action that asserts a single TCPA violation. Plaintiff alleges that "[i]n or around March and April 2014," she received "over a dozen" calls from Charter on her cellular telephone. Compl. ¶ 15. Plaintiff also alleges that Charter used an ATDS to make the calls about which she complains, but those allegations are entirely conclusory. The entirety of Plaintiff's allegations regarding Charter's alleged use of an ATDS is as follows:

- Charter "us[ed]" an ATDS, *id.* ¶ 2;

- Charter made unsolicited telephone calls and violated the TCPA "by utilizing an ATDS," *id.* ¶¶ 11, 32;

- Charter "made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*," *id.* ¶ 30;

- Charter "utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention," *id.* ¶ 31; and

- "If a call recipient would answer these calls, there would often be no one on the other end or they would be greeted by a telemarketer purporting to offer Charter's business services," *id.* ¶ 12.

2

These are not "facts" that would support a claim to relief. They are nothing more than a mere recitation of the elements of Plaintiff's TCPA claim.

## ARGUMENT

To prove a violation of the TCPA, Plaintiff must allege that Charter (1) placed calls to a cellular telephone, (2) by using an automatic dialing system, and (3) without the prior consent of the call recipient. *See* 47 U.S.C. § 227(b)(1)(A). Plausibly alleging an ATDS is an essential element of Plaintiff's TCPA claim. The statute defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Because Plaintiff has failed to allege sufficient facts to support the allegation that Charter used an ATDS to call Plaintiff and the members of the putative class—a fundamental requirement of stating a claim under the TCPA—the Complaint should be dismissed.

Numerous courts have granted motions to dismiss where, as here, the plaintiff made only conclusory allegations that an ATDS was used. For example, in *Baranski v. NCO Financial Systems, Inc.*, the court granted the defendants' motion to dismiss, finding that "[p]laintiffs must do more than simply parrot the statutory language." No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304, at *6-7 (E.D.N.Y. Mar. 21, 2014). The court recognized that "[a]lthough there is no binding precedent in this circuit, the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'" *Id.* at *6 (second alteration in original) (collecting cases); *see also Hunter v. Diversified Consultants, Inc.*, No. 8:14-cv-2198-T-30TGW, 2014 WL 6747153, at *1 (M.D. Fla. Nov. 26, 2014) (granting motion to dismiss TCPA claim because complaint failed to "create any inference supporting the allegation that calls were made using an automatic dialing system"); *Clayton v. Aaron's Inc.*, No.

3:13-CV-219, 2013 WL 3148174, at *2-3 (E.D. Va. June 19, 2013) (dismissing TCPA claim for plaintiff's failure to plead factual allegations showing that it was plausible that defendant used an ATDS); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *2-4 (N.D. Ill. Dec. 18, 2012) (granting defendant's motion to dismiss where the plaintiff alleged, without providing any additional supporting facts, that the defendant called his cell phone with an ATDS); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (granting defendant's motion to dismiss where "[t]here is nothing in the complaint that allows the court to infer the calls were randomly generated or impersonal").

Plaintiff's allegations concerning the use of an ATDS are nothing more than variations of the conclusory allegation that Charter used an ATDS. Six paragraphs of Plaintiff's 34-paragraph Complaint purport to allege the use of an ATDS, but those allegations either (i) simply repeat the language of the statute or the definition of an ATDS or (ii) fail to give rise to a reasonable inference that an ATDS was, in fact, used.

Paragraphs 2, 11, and 32 are literally nothing more than bare assertions that Charter "us[ed]" or "utiliz[ed]" an ATDS. Simply alleging that Charter "us[ed]" or "utiliz[ed] an ATDS" or that Charter used equipment that, by definition, constitutes an ATDS does not sufficiently state a claim. *See Baranski*, 2014 WL 1155304, at *6; *Knutson*, 2011 WL 291076, at *2. "[A] formulaic recitation of the elements of a cause of action," will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

Paragraphs 30 and 31 simply parrot the statutory definition of what constitutes an ATDS. "[I]t is conclusory to allege that messages were sent using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Knutson*, 2011 WL 291076, at *2 (citation and internal quotation

4

marks omitted).  This Court simply should not take "[s]uch a naked assertion . . . as true."  *Id.* (citation and internal quotation marks omitted); *see also Clayton*, 2013 WL 3148174, at *3 ("The Court need not take Plaintiff's conclusory assertion that Defendant used autodialing as true.").

The only "facts" alleged by Plaintiff to support her allegation that Charter used an ATDS are contained in paragraph 12, but those allegations are insufficient as a matter of law to state a claim that an ATDS was used.  In paragraph 12, Plaintiff asserts:

> Defendant repeatedly made the telemarketing calls from a variety of phone numbers, including "888.848.6541".  If a call recipient would answer these calls, there would often be no one on the other end or they would be greeted by a telemarketer purporting to offer Charter's business services.  If the call recipient informed the caller that the number called is a personal cellular telephone, the telemarketer would simply state that the call should be disregarded.  Yet, in many instances the calls simply return again shortly thereafter.

Compl. ¶ 12.  Whether or not someone was on the other end of a call and whether or not the call was from a "telemarketer" do not constitute plausible allegations that Charter used an ATDS.  That a telemarketer may have made the phone call is, of course, insufficient to establish use of an ATDS to place the call.  *See Knutson*, 2011 WL 291076, at *2 (explaining that the fact that the calls made were "solicitations about Defendant's . . . business" did not lead to a reasonable inference that an ATDS was used).  That there was no one on the other end of the line when she answered is likewise insufficient where there are no other facts to suggest that this was due to the use of an ATDS.

Indeed, it is just as plausible (and, in fact, true) that Charter manually dialed Plaintiff's alleged cellular telephone in order to place the calls at issue.  In *Freidman v. Massage Envy Franchising, LCC*, the court dismissed a TCPA claim where the plaintiffs alleged that the defendant used an ATDS based on the fact that the text messages they received were "generic and impersonal."  No. 3:12-cv-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13,

5

2013).  The court reasoned that "[i]t is just as conceivable that the text messages were done by hand, or not using an ATDS."  *Id.*  The same is true here: nothing about the allegations that no one was on the other end of the line when Plaintiff allegedly answered a call from Charter or that a "telemarketer" was on the other end of those calls leads to a reasonable inference that Charter was using an ATDS.[1]

Courts require something more than what Plaintiff has done here.  *See Clayton*, 2013 WL 3148174, at *3.  *Johansen v. Vivant, Inc.* is particularly instructive.  *See* 2012 WL 6590551.  Recognizing that courts have taken different approaches in assessing conclusory allegations of an ATDS, the court in *Johansen* embraced the approach taken by other courts that "it is not sufficient" to allege the use of an ATDS "without other supporting details," and granted a motion to dismiss like that here.  *Id.* at *3.  The court specifically identified the types of additional factual allegations necessary to plausibly and properly allege an ATDS.  Plaintiff does not and cannot make any of the types of factual allegations identified in *Johansen*.  She does not allege:

- that she was greeted by a robotic, artificial, or prerecorded voice;

- that there was lag time or "dead air" before she was connected to a person;

- that there was a lack of a human response when she attempted to have a conversation; or

- that there were any sounds or other circumstances that led her to believe she was being called by an ATDS.

---

[1] The reason that Plaintiff fails to allege such facts and circumstances is that Charter never used an ATDS to call Plaintiff or members of the putative class. The calls to Plaintiff and the putative class members were dialed manually. The Court need not and should not consider this fact in resolving the present motion to dismiss, but it underscores why Plaintiff has been unable to plausibly allege facts that Charter used an ATDS.

*See id.* at *3. Plaintiff does not allege any of these facts—or any other facts or circumstances that could reasonably lead to a conclusion that an ATDS was used to call her. She alleges only that she was greeted by no one or by a telemarketer. *See* Compl. ¶ 12.

It is true that some courts have denied motions to dismiss for failure to plausibly allege an ATDS. But those decisions merely underscore the inadequacy of Plaintiff's allegations here. For example, in *Hudak v. Berkley Group, Inc.*, where the court denied a motion to dismiss for failure to adequately plead the use of an ATDS, the plaintiff alleged "details . . . about hundreds of prerecorded calls," including that the calls began with the sound of a horn and were followed by an artificial or prerecorded voice exhorting the plaintiff to remain on the line to claim a free cruise to the Bahamas from a live representative. No. 3:13–cv–00089–WWE, 2014 WL 354676, at *5 (D. Conn. Jan. 23, 2014). Plaintiff does not and cannot allege any such facts here. There is simply "nothing in the complaint that allows the court to infer the calls were randomly generated or impersonal." *Knutson*, 2011 WL 291076, at *2.

## CONCLUSION

Stating a claim under the TCPA requires more than what Plaintiff has alleged here. Plaintiff's allegations regarding the use of an ATDS are entirely conclusory and she has failed "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As set forth above, Plaintiff's Complaint should be dismissed with prejudice.

DEFENDANT:
CHARTER COMMUNICATIONS, INC.


By /s/   Frank A. Sherer III
    David E. Rosengren (ct05629)
    Frank A. Sherer III (ct27149)
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    One State Street, 14th Floor
    Hartford, CT  06103
    Telephone: (860) 522-5175
    Facsimile: (860) 522-2796
    Email: drosengren@mdmc-law.com
    Email: fsherer@mdmc-law.com

    Jeffrey S. Powell (phv07106)
    Ragan N. Naresh (phv07105)
    Kathleen A. Brogan (phv07107)
    Kirkland & Ellis LLP
    655 Fifteenth Street, N.W.
    Washington, D.C.  20005
    Telephone: (202) 879-5000
    Facsimile: (202) 879-5200
    jpowell@kirkland.com
    ragan.naresh@kirkland.com
    kathleen.brogan@kirkland.com

FAS/C1341/1001/1266120v1
12/17/14-HRT/LFG

## **CERTIFICATE OF SERVICE**

I certify that on December 17, 2014, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

/s/    Frank A. Sherer III
       Frank A. Sherer III