**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NANCY CHRISTINE SCHNETZLER, individually and on behalf of all others similarly situated, | Case No. 3:14-cv-01360 |
| *Plaintiff*, | Judge Michael P. Shea |
| *v.* | |
| CHARTER COMMUNICATIONS, INC., a Delaware corporation, | |
| *Defendant*. | December 17, 2014 |

## <u>RULE 26(f) REPORT</u>

**Date complaint was filed:** September 17, 2014

**Date Defendant was served:** September 23, 2014

**Date of Defendant's first appearance:** October 14, 2014

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Nancy Christine Schnetzler and Defendant

Charter Communications, Inc. (collectively, "the Parties"), have conferred (through counsel),

with conferences held on November 13, 18, 20, and 25; and December 11 and 15, 2014. The

participants were:

> Benjamin H. Richman and J. Dominick Larry of Edelson PC for Plaintiff Nancy
> Christine Schnetzler
>
> Ragan Naresh and Kathleen A. Brogan of Kirkland & Ellis LLP for Defendant Charter
> Communications, Inc.

**I.    Certification:** Undersigned counsel certify that, after consultation with their clients,

they have discussed the nature and basis of the parties' claims and defenses and any possibilities

for achieving a prompt settlement or other resolution of the case, and, in consultation with their

clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

**A.     Subject Matter Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which is a federal statute.  There are no issues with service of process.

**B.     Personal Jurisdiction:** Personal jurisdiction is not contested.

## III.    Brief Statement of Case

**A.     Claims of Plaintiff:** On September, 17, 2014, Plaintiff filed this action against Defendant, alleging that it made unsolicited, auto-dialed calls to cellular telephones of consumers throughout the country, including herself. Further, Plaintiff alleges that she neither consented to the receipt of such calls, provided her cellular telephone number to Defendant in any fashion, nor had any business relationship with Defendant.

**B.     Defenses of Defendant:** Plaintiff's claim under the TCPA requires the use of an automatic telephone dialing system—an "autodialer."  An autodialer is defined in the statute as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."  *See* 47 U.S.C. § 227(a)(1). Plaintiff does not properly allege an autodialer, and more importantly, cannot prove that Charter used an autodialer to Plaintiff or members of the putative class.  To the contrary, Charter did not use an automatic telephone dialing system to make such calls.  Rather, every call was placed manually and the equipment used to make the telephone calls does not have the capacity to "autodial" telephone calls, to store telephone numbers, or to prompt the caller to dial a certain

number. *See* 47 U.S.C. § 227(b).  For this and other reasons, Plaintiff has no valid claim against Charter.

        **C.**       Notwithstanding the foregoing, the Parties are continuing to discuss the possibility of informally resolving their dispute regarding whether an ATDS was used to make the phone calls in question.

**IV.**    **Statement of Undisputed Facts:** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material facts are not disputed:

        **A.**       Defendant Charter Communications, Inc. is a corporation existing under the laws of the State of Delaware, with an office located at 400 Atlantic Street, 10th Floor, Stamford, Connecticut 06091.  Defendant conducts business in the State of Connecticut and elsewhere in the United States.

        **B.**       At least one call from the telephone number 888.848.6541 was made on behalf of Charter to telephone number 205.422.6782.

**V.**    **Case Management Plan:**

        **A.**       **Standing Order on Scheduling in Civil Cases:** The parties request modification of the deadlines in the Standing Order on Scheduling in Civil cases as set forth below.

        **B.**       **Scheduling Conference with the Court:** Defendant requests an in-person pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.      Early Settlement Conference**

**1.**      The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

**2.**      The Parties do not request an early settlement conference.

**3.**      The Parties believe any discussion regarding the best method for proceeding with any future settlement discussions is premature at this time.

**4.**      The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties and Amendment of Pleadings:** The Parties propose that the deadline to join additional parties and/or amend the pleadings be set as March 1, 2015.

**E.      Discovery**

**1.      Plaintiff's Position:** Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) records of consent to make the calls (if any); (6) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (7) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TPCA; (8) contracts exchanged between Defendant and its agents related to making telemarketing calls; and (9) communications between Defendant and its agents related to making the telemarketing calls.

Plaintiff proposes that both class and merits related discovery proceed at the same time and in accordance with the schedule of deadlines set forth below. Defendant's suggestion that limited discovery regarding only the issue of whether an ATDS was used to make the alleged unauthorized calls, followed by summary judgment briefing on that single issue, is an inefficient way to proceed in this matter. If, as Plaintiff proposes, formal discovery proceeds now, it should proceed as to the case as a whole, which will (i) allow discovery to be completed in only a slightly longer period of time than what Defendant proposes for just the ATDS issue (and without the need for multiple phases and the resulting delay), (ii) avoid the need to serve and respond to multiple sets of written requests, as well as the need to prepare for and take multiple depositions of (likely) many of the same witnesses, (iii) avoid multiple phases of discovery motion practice (if any), and (iv) otherwise move the case forward efficiently. And, even if discovery did proceed generally, Defendant would retain the right to move for summary judgment on the ATDS issue (or any other issue) when and as it sees fit.

2.      **Defendant's Position:** Plaintiff cannot prove the threshold element of her claim that Charter used an automatic telephone dialing system.  For that reason, and for reasons of efficiency and judicial economy, Charter submits that discovery should be phased, and should be focused in the first instance on the dispositive question of whether or not Charter used an automatic telephone dialing system to place calls to Plaintiff and members of the putative class. Defendant proposes that once discovery on this threshold issue is complete, Charter would file a dispositive motion on the question of whether Charter used an automatic telephone dialing system to place calls to Plaintiff and members of the putative class.  This approach is more efficient than the approach proposed by Plaintiff, in that it could avoid the need to conduct discovery and briefing on eight of the nine topics of discovery identified by Plaintiff to date, and

it would avoid the need to conduct expert discovery related to class certification, as well as class certification briefing in this Court.  Rather, if Charter's dispositive motion on the automatic telephone dialing system is granted, this case should end.  If that motion is denied, the parties can proceed to merits and class certification discovery regarding other issues and defenses arising from Plaintiff's TCPA claim.

      **3.**      **Parties' Proposed Discovery Schedules:** As explained above, the Parties disagree as to how and on what issues discovery should proceed at this time. Accordingly, each of their proposed schedules is outlined below:

*Plaintiff's Proposed Schedule*

| EVENT | PLAINTIFF'S PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | In the event Defendant Answers Plaintiff's Complaint: January 19, 2015; in the event Defendant moves to dismiss: two weeks after the date the Court rules on Defendant's Motion |
| *Deadline to Amend Pleadings and Add Parties Without Leave of Court* | May 19, 2015 |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | August 18, 2015 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | September 18, 2015 |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | October 16, 2015 |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | November 6, 2015 |

| | |
|---|---|
| *Plaintiff's Deadline to File Motion for Class Certification* | December 4, 2015 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | January 8, 2016 |
| *Plaintiff's Deadline to File Reply in Support of Motion for Class Certification* | January 29, 2016 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |
| *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures* | TBD |
| *Pretrial Conference* | TBD |
| *Motion in Limine Hearing Date* | TBD |
| *Trial to Begin* | TBD |

*Charter's Proposed Schedule*

| EVENT | DEFENDANT'S PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | January 19, 2015 |
| *Deadline to Amend Pleadings and Add Parties Without Leave of Court* | February 1, 2015 |
| *Deadline to Complete Fact Discovery on Automatic Telephone Dialing System* | March 31, 2015 |
| *Charter's Deadline to Disclose Expert Witnesses Relating to Automatic Telephone Dialing System* | May 1, 2015 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Automatic Telephone Dialing System* | May 27, 2015 |
| *Deadline for Completion of Expert Discovery Relating to Automatic Telephone Dialing System* | June 26, 2015 |
| *Deadline to File Dispositive Motions on Relating to Automatic Telephone Dialing System* | July 24, 2015 |
| All other deadlines to be set after resolution of Charter's summary judgment motion on automatic telephone dialing system ||

        **4.**       **Phased Discovery:** The Parties agree that discovery should be conducted in phases with respect to expert and fact issues, but disagree on how the phasing should be conducted.  Plaintiff proposes that expert discovery be conducted in phases with regard to class and merits issues.  Defendant proposes all discovery on whether Charter used an automatic

telephone dialing system be completed and summary judgment going to that issue be ruled upon before any other discovery is conducted.

       **5.**      **Depositions:** The Parties anticipate that Plaintiff will require a total of 10 depositions of fact witnesses and that Defendant will require a total of 10 depositions of fact witnesses. Plaintiff anticipates that depositions will commence within eight (8) weeks of the opening of the discovery period, and will be completed by the end of the discovery period. Charter agrees that the depositions will commence within eight (8) weeks of the opening of the discovery period, and states that depositions concerning the use of an automatic telephone dialing system will be completed by the end of the discovery period as set forth in Charter's proposed schedule.

       **6.**      **Interrogatories:** The Parties do not, at this time, request permission to serve more than 25 interrogatories.

       **7.**      **Expert Witnesses:** Plaintiff anticipates calling expert witnesses at trial. Plaintiff proposes that she will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) per the schedule listed above, and that depositions of such experts will be completed per the schedule listed above. Defendant intends to call expert witnesses at trial. Defendant proposes that it will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) per the schedule proposed by Defendant above, and that depositions of such experts will be completed per the schedule proposed by Defendant above.

       **8.**      **Damages:** Plaintiff proposes that a damages analysis be provided by any party who has a claim or counterclaim for damages no later than six (6) weeks before trial. Defendant disagrees with the timing proposed by Plaintiff, and proposes that any damages

analysis should be submitted in conjunction with all other expert disclosures in the event the case proceeds after the Court resolves whether Charter used an automatic telephone dialing system.

       **9.**      **Electronically Stored Information:** Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  Undersigned counsel agree that they will continue their discussions regarding an ESI protocol upon service of discovery requests.

       **10.**     **Confidential and Sensitive Information:** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties expect that they will be able to reach an agreement regarding confidentiality, privilege, and work-product issues prior to producing discovery responses.

     **F.**     **Dispositive Motions:** Plaintiff proposes that dispositive motions be filed in accordance with her proposed schedule outlined above. Defendant proposes that dispositive motions be filed in accordance with its proposed schedule outlined above. Further, Charter states that its dispositive motion will be focused on whether Charter used an automatic telephone dialing system to place calls to Plaintiff and putative class members.

     **G.**     **Joint Trial Memorandum:** The Parties propose that the Court set a date for the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases after

ruling on Plaintiff's Motion for Class Certification and Charter's summary judgment motion on the issue of whether an automatic telephone dialing system was used to place calls to Plaintiff and putative class members.

**VI.**    **Trial Readiness:** The Parties propose that the Court set a trial date after ruling on Plaintiff's Motion for Class Certification and Charter's summary judgment motion on the issue of whether an automatic telephone dialing system was used to place calls to Plaintiff and putative class members.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By /s/ Benjamin H. Richman                Date:   December 17, 2014

Defendant

By: /s/ Ragan Naresh                          Date:   December 17, 2014


\*                    \*                        \*

Respectfully submitted,

Dated: December 17, 2014            By: /s/ Benjamin H. Richman
                                                      One of Plaintiff's Attorneys

Benjamin H. Richman (phv07173)
brichman@edelson.com
J. Dominick Larry (phv07148)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jonathan M. Shapiro (ct24075)
jshapiro@shapirolawofficesct.com
SHAPIRO LAW OFFICES, LLC
104 Court Street
Middletown, Connecticut 06457
Tel: 860.347.3325
Fax: 860.347.3874


Dated: December 17, 2014                    By: /s/ Ragan Naresh
                                                     One of Defendant's Attorneys

Jeffrey S. Powell
jeff.powell@kirland.com
Ragan Naresh
ragan.naresh@kirkland.com
Kathleen A. Brogan
kathleen.brogan@kirkland.com
KIRKLAND & ELLIS LLP
650 15th Street NW, Suite 1200
Washington, DC 20005
Tel: 202.879.5000
Fax: 202.879.5200

Frank A. Sherer III (ct27149)
MCELROY, DEUTSCH, MULVANEY & CARPENTER,
LLP
One State Street, 14th Floor
Hartford, CT 06103
Tel: 860.241.2693
Fax: 860.522.2796


## SIGNATURE ATTESTATION

**I HEREBY CERTIFY** that the content of this document is acceptable to all persons whose signatures are indicated by a conformed signature (s/) within this e-filed document.

/s/ Benjamin H. Richman

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2014, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin H. Richman